JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Nancy Pollard

**DEFENDANTS** Desert NDT, LLC d/b/a Shawcor Inspection Services Shawcor, Ltd. d/b/a Shawcor Inspection Services

**(b)** County of Residence of First Listed Plaintiff    Montgomery Co., PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant Harris Co., TX
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Albert J. Michell, PC (tel# 215.922.2588)
P.O. Box 4062, Philadelphia, PA 19118

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government
Plaintiff

☒ 3   Federal Question
*(U.S. Government Not a Party)*

☐ 2   U.S. Government
Defendant

☐ 4   Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                    *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from Another District *(specify)*

☐ 6 Multidistrict Litigation - Transfer

☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C.§2000 et seq; 29 U.S.C.§630; 29 U.S.C.§206 et seq.
Brief description of cause:
Sex and age discrimination in employment

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*

JUDGE

DOCKET NUMBER

DATE  1/18/2019

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

Nancy Pollard

                      :                   CIVIL ACTION

                 v.        :

Desert NDT, LLC d/b/a Shawcor Inspection Services
Shawcor, Ltd. d/b/a Shawcor Inspection Services      NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (X)

1/18/2019       Albert J. Michell, Esquire   Plaintiff Nancy Pollard
**Date**            **Attorney-at-law**         **Attorney for**

215.922.2588     215.922.2590     amichell@netcarrier.com
**Telephone**       **FAX Number**      **E-Mail Address**

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 1809 Willow Street, Norristown, PA 19401

Address of Defendant: 5875 North Sam Houston Parkway West, Suite 200, Houston, TX 77086
Norristown

Place of Accident, Incident or Transaction: Montgomery County, PA

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☒

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 1/18/2019        Albert J. Michell, Esq.        76797
_____        _____        _____
                    *Attorney-at-Law / Pro Se Plaintiff*        *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

A.    *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☒ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
      *(Please specify):* _____

B.    *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
      *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Albert J. Michell, Esq. , counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☒ Relief other than monetary damages is sought.

DATE: 1/18/2019        Albert J. Michell, Esq.        76797
_____        _____        _____
                    *Attorney-at-Law / Pro Se Plaintiff*        *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

## UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Nancy Pollard<br>1809 Willow Street<br>Norristown, Pennsylvania 19401<br>Plaintiff<br>v.<br><br>Desert NDT, LLC<br>d/b/a Shawcor Inspection Services<br>5875 North Sam Houston Parkway West<br>Suite 200<br>Houston, Texas 77086<br>and<br>Shawcor, Ltd.<br>d/b/a Shawcor Inspection Services<br>5875 North Sam Houston Parkway West<br>Suite 200<br>Houston, Texas 77086<br>Defendants | CIVIL ACTION<br><br>DOCKET NO.: |

## COMPLAINT

Comes now the Plaintiff Nancy Pollard by and through counsel, Albert J. Michell, Esquire and for her complaint and cause of action, states as follows:

## PARTIES

1.    Plaintiff Nancy Pollard (hereinafter "Plaintiff" or "Ms. Pollard") is an adult female resident of the Commonwealth of Pennsylvania living at 1809 Willow Street, Norristown, PA 19401 with a year of birth of 1953.

2.    Defendant Desert NDT, LLC d/b/a Shawcor Inspection Services (hereinafter "Defendant" or "Desert") is a limited liability company licensed to do business in the Commonwealth of Pennsylvania which performs inspection and other services for natural gas and oil companies, with a principal place of business at 5875 North Sam Houston Parkway West, Suite 200, Houston, TX 77086.

3.    Defendant Shawcor, Ltd. d/b/a Shawcor Inspection Services (hereinafter "Defendant" or

"Shawcor")  is a corporation licensed to do business in the Commonwealth of Pennsylvania which performs inspection and other services for natural gas and oil companies, with a principal place of business at 5875 North Sam Houston Parkway West, Suite 200, Houston, TX 77086. Upon information and belief, Shawcor purchased Desert in 2017.

4.      Shawcor and Desert (hereinafter collectively referred to as "Defendants") are each engaged in an industry affecting commerce within the Age Discrimination in Employment Act of 1967 as amended, 29 U.S.C. Section 630 (hereinafter "ADEA") and within the meaning of Sections 701(g) and 701(h) of Title VII, 42 U.S.C. Sections 2000e(g) and 2000e(h) (hereinafter "Title VII") and 29 U.S.C. §§ 206(d)(1) and 215(a)(2) (hereinafter "Equal Pay Act" or "EPA").

5.      For each working day and for each of twenty or more calender weeks in the current calender year 2019 and at all other times relevant hereto, Defendants each employed 20 or more persons.

6.      At all times relevant to this action each Defendant was an "employer" within the meaning of sections 4(e) and 11(b) of the Age Discrimination Act, 29 U.S.C. Sections 623(b) and 630(b), Section 701(b) of Title VII, 42 U.S.C. Section 2000e(b) and Section 262 of the Equal Pay Act 29 U.S.C. § 206 *et seq.*

7.      At all times relevant to this action  each Defendant was an "employer" within the meaning of Section 4 of the Pennsylvania Human Relations Act, 43 Pa. Cons. Stat. Ann. Section 954, Section 5 of the Pennsylvania Human Relations Act, 43 Pa. Cons. Stat. Ann. Section 955, and the Pennsylvania Equal Pay Law, 43 P.S. §336.

## JURISDICTION

8.      Jurisdiction of this Court comes under 28 U.S.C. Sec. 1331 (federal question) based on Ms. Pollard's claims under the ADEA, Title VII and the EPA.

9.      State law components of this action arise under the Pennsylvania Human Relations Act, 43 Pa. Cons. Stat. Ann. Section 951 *et seq.,* and the Pennsylvania Equal Pay Law, 43 P.S. §336. This Court has supplemental subject matter jurisdiction over all state law components of this action pursuant to 28 U.S.C. Section 1367(a).

## VENUE

10.     Venue in this district is proper because Defendants hired Plaintiff to work remotely in Norristown, PA, where she also resides.

## PROCEDURAL REQUIREMENTS

11.     On or about May 15, 2018, within 180 days of the occurrence of the acts of discrimination of which she complains, Plaintiff Nancy Pollard filed a complaint against Defendants with the Equal Employment Opportunity Commission (hereinafter "EEOC"). Said complaint was concurrently filed with the Pennsylvania Human Relations Commission (hereinafter "PHRC"), alleging violations of Title VII and ADEA.

The EEOC and PHRC have held exclusive jurisdiction over Plaintiff's complaint for over 60 days.

To date the EEOC and PHRC have not reached a conciliation agreement to which Plaintiff is a party.

On about December 10, 2018 Plaintiff received from the EEOC a Notice of Right To Sue, dated December 7, 2018, allowing her to sue in Federal Court within ninety (90) days. (See attached hereto and incorporated herein as Plaintiff's Exhibit "1" Notice of Right to Sue letter dated December 7, 2018.)

## FACTS

12.     Plaintiff Nancy Pollard, a woman with a birth year of 1953, was hired by Defendant Desert in January 2014 for the position of Director, Talent. Plaintiff executed the duties of this human resources related position in an exemplary manner.

13.     Desert was headquartered at 5875 North Sam Houston Parkway West, Suite 200, Houston, TX 77086, but Plaintiff was hired to, and did, work from her home at 1809 Willow Street, Norristown, PA 19401.

14.     Upon information and belief in or about July 2015 Shawcor, a Canadian corporation based in Toronto, Canada, acquired Desert and re-branded this Houston based division Shawcor Inspection Services (hereinafter "Desert division").

15.     Shortly after the acquisition, Diana Newmier, Vice President of Human Resources for

Defendants, a woman aged approximately 60 and the individual primarily responsible for hiring and supervising Plaintiff, was terminated.  Her position was filled by Sally Beers, a less experienced, less qualified woman aged approximately mid 40s.

16.     Plaintiff subsequently reported to Vice President of Human Resources and Operations for the Desert division Matt McCoy, a man in his early 40's.

17.     Plaintiff essentially performed Mr. McCoy's human resource and training functions at this time.

18.     In July of 2017 Wes Johnson was hired in the General Manager position of the Desert division and Mr. McCoy was transferred to a purely operations position.

19.     Plaintiff was asked to head the human resources department of the Desert division and report to Mr. Johnson.

20.     Defendants indicated to Plaintiff that she was to perform the duties of this position, Director of Human Resources, on an interim basis.

21.     Plaintiff accepted this position but asked if she could return to her original position if things changed.  Mr. Johnson indicated that she could do so.

22.     The companywide announcement of Plaintiff's new position did not mention that her position was interim.

23.     In September of 2017 Plaintiff attended a human resource managers orientation at Shawcor's Corporate headquarters in Toronto where she first met Shawcor's senior level human resource executives, including Paul Pierroz, Senior Vice-President of Human Resources, a male aged approximately late 40's, and Geoff Smith, Vice-President of Human Resources, a male aged approximately late 40's, among others.

24.     In early December 2017 Plaintiff was informed by Mr. Johnson that her position was being "consolidated" and that she was being terminated and her last day would be March 30, 2018.

25.     Plaintiff requested to be returned to her original position of Director, Talent as had been agreed, but her request was denied.

26.     When Plaintiff questioned Mr. Johnson about the reason for her termination, he replied that the decision came from Canada and that they had "lost confidence in you".

27.     Plaintiff's position of Director of Human Resources was not in fact consolidated, instead

she was ultimately replaced by Kyle Chrisman, a man approximately 42 years old.

28. Mr. Chrisman was transferred into a new position in the Dessert division titled "Director of Human Resources/Training" in December of 2017. Contemporaneously Plaintiff continued in her position of "Director of Human Resources" in the same division until her March 30, 2018 termination.

29. Her position ostensibly was "consolidated" but in reality, her position was re-named and filled by Mr. Chrisman.

30. At all times material and relevant hereto Plaintiff continued to be an excellent employee while in the position of Director of Human Resources.

31. In addition to being younger than Plaintiff, Mr. Chrisman was also less qualified and less experienced, having been transferred into the Director position from the non-managerial position of Human Resources Recruiter in another division of Shawcor.

32. Defendants kept Plaintiff on from December to March 30, 2018 for the purpose of her training Mr. Chrisman in human resource duties, which she did.

33. Mr. Chrisman was hired into the Director of Human Resources position at a salary of approximately $125,000.00 and was bonus eligible.

34. Plaintiff's ending salary was $109,000.00 and she was not bonus eligible.

35. During her employment with Defendants Plaintiff was subjected to a male dominated hostile work environment which discouraged the inclusion of females. An example of this was Defendants' holding an outdoor gun shooting excursion as a "reward" to employees.

36. Despite being more productive than her younger male peers, Plaintiff was less valued as an employee.

37. Defendants, by and through Mr. Johnson and Mr. Chrisman, attempted to pressure Ms. Pollard into drafting the announcement of her leaving the company to untruthfully read that the decision was mutual or that she quit. Plaintiff refused.

38. Upon her termination Defendants retained Mr. Chrisman in Plaintiff's former position.

39. At all times prior to her termination, Plaintiff was capable and qualified to perform the duties and responsibilities of her position and in fact did so satisfactorily perform.

40. Defendants treated Plaintiff differently from other non-protected employees in Plaintiff's position on the basis of her age and sex, to her detriment.

41.     Plaintiff was subjected to lower pay, bonuses, and benefits and the above adverse employment decisions by Defendants were made on the basis of her age and sex and not because of any legitimate business reasons.

## COUNT I
### ADEA Violation

42.     Plaintiff incorporates paragraphs 1 through 41 as though set forth in full herein.

43.     The aforesaid actions of Defendants, by and through their agents and employees acting within the course and scope of their agency or employment, discriminated against Plaintiff because of her age with regard to Plaintiff's unequal pay and bonuses.  They also detrimentally affected other terms and conditions of her employment as described above and terminated her employment due to her age, all of which constituted violations of the Age Discrimination in Employment Act, 29 U.S.C. 621, *et seq.*

44.     As a direct result of Defendants' willful, wrongful, and unlawful actions in discrimination against Plaintiff in violation of the Age Discrimination in Employment Act, 29 U.S.C. 621, *et seq.*, Plaintiff has suffered severe emotional distress, humiliation, embarrassment, loss of self-esteem, damage to her reputation, loss of front and back pay, bonuses, benefits, and interest due thereon.

45.     The above described acts and omissions of Defendants with regard to Plaintiff constituted a willful violation of the ADEA, warranting liquidated damages.

        **WHEREFORE,** Plaintiff Nancy Pollard prays that this Court:

        (a)     accepts jurisdiction over this matter;

        (b)     impanels and charges a jury with respect to the causes of action; and

        (c)     awards the following damages:

                i.      lost past and future wages, bonuses, and benefits including wage
                        and bonus underpayments resulting from the unlawful practices
                        described above, along with pre and post judgment interest;

                ii.     liquidated and compensatory damages to compensate her for
                        future pecuniary and other non-pecuniary losses as allowable and
                        to signal to other employers that such acts in employment are
                        repulsive to legislative enactments and public policy;

      iii.     attorneys' fees, expert witness fees, the costs of this action, and expenses as provided for by the ADEA; and

      iv.     any other relief which this Court deems just and equitable.

## COUNT II
### PHRA- Age Discrimination in Employment

46.    Plaintiff incorporates paragraphs 1 through 45 as though set forth in full herein.

47.    The aforesaid actions of Defendants, by and through their agents and employees acting within the course and scope of their agency or employment, discriminated against Plaintiff because of her age with regard to Plaintiff's unequal pay and bonuses.  They also detrimentally affected other terms and conditions of her employment as described above and terminated her employment due to her age, all of which constituted violations of the Pennsylvania Human Relations Act, Title 43 Pa. Cons. Stat. Ann. Section 951 *et seq.*

48.    As a direct result of Defendants' willful, wrongful, and unlawful actions in discrimination against Plaintiff in violation of the Pennsylvania Human Relations Act, Title 43 Pa. Cons. Stat. Ann. Section 951 *et seq.*, Plaintiff has suffered severe emotional distress, humiliation, embarrassment, loss of self-esteem, damage to her reputation, loss of front and back pay, bonuses, benefits, and interest due thereon.

49.    The above described acts and omissions of Defendants with regard to Plaintiff constituted a willful violation of the PHRA, warranting liquidated damages.

**WHEREFORE,** Plaintiff Nancy Pollard prays that this Court:

    (a)    accepts jurisdiction over this matter;

    (b)    impanels and charges a jury with respect to the causes of action; and

    (c)    awards the following damages:

      i.     lost past and future wages, bonuses, and benefits including wage and bonus underpayments resulting from the unlawful practices described above, along with pre and post judgment interest;

      ii.     liquidated and compensatory damages to compensate her for future pecuniary and other non-pecuniary losses as allowable and to signal to other employers that such acts in employment are repulsive to legislative enactments and public policy;

      iii.     attorneys' fees, expert witness fees, the costs of this action, and

               expenses as provided for by the PHRA; and

      iv.     any other relief which this Court deems just and equitable.

## COUNT III
### Title VII - Sex Discrimination in Employment
(Gender Discrimination in Terms and Conditions of Employment)

50.    Plaintiff incorporates paragraphs 1 through 49 as though set forth in full herein.

51.    By the conduct set forth in the Statement of Facts above Defendants engaged in unlawful employment discrimination in violation of Section 703 (a) of Title VII, 42 U.S.C. Section 2000e-2(a).

52.    Based on the foregoing, Defendants by and through their agents, servants, and employees engaged in unlawful employment practices in violation of Title VII's protections from sex discrimination. These include, but are not limited to, fostering and perpetuating a hostile work environment, detrimentally affecting the terms and conditions of Plaintiff's employment, and terminating Plaintiff.

53.    Similarly situated males were not treated in this manner.

54.    There existed in the Defendants respondeat superior liability for the actions of their agents and employees.

55.    Defendants' employment practices deprived Plaintiff of equal employment opportunities and otherwise adversely affected her status as an employee because of her sex.

56.    The unlawful employment practices outlined above were intentional.

57.    As a result of Defendants' action and conduct, Plaintiff has suffered emotional pain and distress, loss of income, loss of benefits, mental anguish, and loss of enjoyment of life's pleasures.

58.    The above described acts and omissions of Defendants with regard to Plaintiff were egregious and were committed with a malicious, willful, and/or reckless indifference to the federally protected rights of Plaintiff.

59.    Said acts and omissions of Defendants were committed by and through its management employees within their agency relationships with Defendants.

60.    The extreme and outrageous acts and omissions of Defendants merit the imposition of

punitive damages.

**WHEREFORE,** Plaintiff Nancy Pollard prays that this Court:

    (a)    accepts jurisdiction over this matter;

    (b)    impanels and charges a jury with respect to the causes of action; and

    (c)    awards the following damages:

        i.    back pay, front pay, and all lost benefits along with pre and post judgment interest;

        ii.    punitive, liquidated, and compensatory damages including, but not limited to, damages for pain and suffering, anxiety, humiliation, physical injury, and emotional distress in order to compensate her for the injuries she has suffered and to signal to other employers that such acts in employment are repulsive to legislative enactments and public policy;

        iii.    reinstatement with applicable seniority, attorneys' fees, expert witness fees, the costs of this action, and expenses as provided for by applicable Federal statutes; and

        iv.    any other relief which this Court deems just and equitable.

## COUNT IV
### PHRA - Sex Discrimination in Employment
(Gender Discrimination in Terms and Conditions of Employment)

61.    Plaintiff incorporates paragraphs 1 through 60 as though set forth in full herein.

62.    By the conduct set forth in the Statement of Facts above Defendants engaged in unlawful employment discrimination in violation of the Pennsylvania Human Relations Act, 43 P.C. Section 955.

63.    Based on the foregoing, Defendants by and through their agents, servants, and employees has engaged in unlawful employment practices in violation of the PHRA's protections from sex discrimination. These include, but are not limited to, fostering and perpetuating a hostile work environment, detrimentally affecting the terms and conditions of Plaintiff's employment, including but not limited to unequal pay and bonuses, and terminating Plaintiff.

64. Similarly situated males were not treated in this manner.

65. There existed in the corporate Defendants respondeat superior liability for the actions of their agents and employees.

66. Defendants' employment practices deprived Plaintiff of equal employment opportunities and otherwise adversely affected her status as an employee because of her sex.

67. The unlawful employment practices outlined above were intentional.

68. Defendants engaged in the unlawful employment practices outlined above with malice or reckless indifference to the state and municipality protected rights of Plaintiff.

69. As a result of Defendants' action and conduct, Plaintiff has suffered emotional distress, loss of income, loss of benefits, mental anguish, and loss of enjoyment of life's pleasures.

**WHEREFORE,** Plaintiff Nancy Pollard prays that this Court:

    (a)    accepts jurisdiction over this matter;

    (b)    impanels and charges a jury with respect to the causes of action; and

    (c)    awards the following damages:

        i.    back pay, front pay, and all lost benefits along with pre and post judgment interest;

        ii.    liquidated, and compensatory damages including, but not limited to, damages for pain and suffering, anxiety, humiliation, physical injury, and emotional distress in order to compensate her for the injuries she has suffered and to signal to other employers that such acts in employment are repulsive to legislative enactments and public policy;

        iii.    reinstatement with applicable seniority, attorneys' fees, expert witness fees, the costs of this action, and expenses as provided for by applicable Pennsylvania state statutes; and

        iv.    any other relief which this Court deems just and equitable.

## COUNT V
### Title VII - Sex Discrimination in Employment
(Gender-Based Compensation Discrimination)

70.     Plaintiff incorporates paragraphs 1 through 69 as though set forth in full herein.

71.     Based on the foregoing, Defendants by and through their agents, servants, and employees engaged in unlawful employment practices in violation of Title VII.  These include, but are not limited to, paying Plaintiff less in salary and bonuses than her male counterparts.

72.     Similarly situated males including specifically Mr. Chrisman performed the same or substantially similar job duties and shared a common supervisor and worked in the same workplace under the same conditions as Plaintiff, yet received higher pay as well as bonuses.

73.     Defendants' employment practices deprived Plaintiff of equal employment opportunities and otherwise adversely affected her status as an employee because of her sex.

74.     The unlawful employment practices outlined above were intentional.

75.     As a result of Defendants' action and conduct, Plaintiff has suffered emotional pain and distress, loss of income, loss of benefits, mental anguish, and loss of enjoyment of life's pleasures.

76.     The above described acts and omissions of Defendants with regard to Plaintiff were egregious and were committed with a malicious, willful, and/or reckless indifference to the federally protected rights of Plaintiff.

77.     Said acts and omissions of Defendants were committed by and through its management employees within their agency relationships with Defendants.

78.     The extreme and outrageous acts and omissions of Defendants merit the imposition of punitive damages.

      **WHEREFORE,** Plaintiff Nancy Pollard prays that this Court:

(a)     accepts jurisdiction over this matter;

(b)     impanels and charges a jury with respect to the causes of action; and

(c)     awards the following damages:

    i.     lost past and future wages, bonuses, and benefits resulting from the unlawful practices described above, along with pre and post judgment interest;

    ii.     Punitive, liquidated and compensatory damages including, but not limited to, damages for pain and suffering, anxiety, humiliation, and emotional distress in order to compensate her for the injuries

she has suffered and to signal to other employers that such acts in employment are repulsive to legislative enactments and public policy;

iii.    attorneys' fees, expert witness fees, the costs of this action, and expenses as provided for by applicable Federal statutes; and

iv.    any other relief which this Court deems just and equitable.

## COUNT VI
### Equal Pay Act Violations

79.    Plaintiff incorporates paragraphs 1 through 78 as though set forth in full herein.

80.    By the conduct set forth in the Statement of Facts above Defendants violated Sections 6(d)(1) and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206(d)(1) and 215(a)(2) (as amended by the EPA) by paying Plaintiff less in salary and bonuses than her similarly situated male counterparts including Mr. Chrisman.

81.    Similarly situated males including specifically Mr. Chrisman performed the same or substantially equal work with similar job duties and shared a common supervisor and worked in the same workplace under the same conditions as Plaintiff, yet received higher pay as well as bonuses.

82.    As a result of Defendants' action and conduct, Plaintiff has suffered lost wages as well as loss of bonuses and benefits.

83.    The above described acts and omissions of Defendants with regard to Plaintiff were egregious and were committed with a malicious, willful, and/or reckless indifference to the federally protected rights of Plaintiff.

84.    Said acts and omissions of Defendants were committed by and through its management employees within their agency relationships with Defendants.

85.    The unlawful employment practices outlined above were unreasonable, intentional, and were committed by Defendants willfully and knowingly in violation of the EPA, constituting bad faith on their part, warranting imposition of liquidated damages.

**WHEREFORE,** Plaintiff Nancy Pollard prays that this Court:

(a)    accepts jurisdiction over this matter;

(b)     impanels and charges a jury with respect to the causes of action; and

(c)     awards the following damages:

    i.     lost past wages, bonuses, and benefits resulting from the unlawful practices described above, along with pre and post judgment interest;

    ii.     liquidated damages as permitted under the EPA to signal to other employers that such acts in employment are repulsive to legislative enactments and public policy;

    iii.     attorneys' fees, expert witness fees, the costs of this action, and expenses as provided for by the EPA; and

    iv.     any other relief which this Court deems just and equitable.

## COUNT VII
### Pennsylvania Equal Pay Law Violations

86.     Plaintiff incorporates paragraphs 1 through 85 as though set forth in full herein.

87.     By the conduct set forth in the Statement of Facts above, Defendants engaged in unlawful employment discrimination in violation of the Pennsylvania Equal Pay Law, 43 P.S. §336 (hereinafter "EPL")

88.     Based on the foregoing, Defendants by and through their agents, servants, and employees engaged in unlawful employment practices in violation of the EPL.  This includes paying Plaintiff less in salary and bonuses than her similarly situated male counterparts.

89.     Similarly situated males including specifically Mr. Chrisman performed the same or substantially similar job duties and shared a common supervisor and worked in the same workplace under the same conditions as Plaintiff, yet received higher pay as well as bonuses.

90.     Individuals of the opposite sex were paid more for performing work of substantially equal skill, effort and responsibility, under similar working conditions as Plaintiff.

91.     The unlawful employment practices outlined above were unreasonable, intentional, and were committed by Defendants willfully and knowingly in violation of the EPL, constituting bad faith on their part, warranting imposition of liquidated damages.

**WHEREFORE,** Plaintiff Nancy Pollard  prays that this Court:

    (a)     accepts jurisdiction over this matter;

    (b)     impanels and charges a jury with respect to the causes of action; and

    (c)     awards the following damages:

         i.     lost past wages, bonuses, and benefits resulting from the unlawful practices described above, along with pre and post judgment interest;

        ii.     liquidated damages to signal to other employers that such acts in employment are repulsive to legislative enactments and public policy;

        iii.     attorneys' fees, expert witness fees, the costs of this action, and expenses as provided for by the EPL; and

        iv.     any other relief which this Court deems just and equitable.

## JURY DEMAND

Plaintiff requests trial by jury on all counts.

Dated: 1/18/2019

                             /s/ *Albert J. Michell*
                          Albert J. Michell, Esquire
                          Attorney ID: 76797
                          **ALBERT J. MICHELL, P.C.**
                          40 West Evergreen Avenue
                          Suite 104
                          Philadelphia, PA 19118
                          Send correspondence to:
                          PO Box 4062
                          Philadelphia, PA 19118
                          Telephone: 215.922.2588
                          Validation of Signature Code: AJM4598

EXHIBIT "1"
NOTICE OF RIGHT TO SUE LETTER

EEOC Form 161-B (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | |
|---|---|
| To:  Nancy Pollard<br>1809 Willow Street<br>Norristown, PA 19401 | From:  Philadelphia District Office<br>801 Market Street<br>Suite 1300<br>Philadelphia, PA 19107 |

[ ]  *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2018-03816 | **Legal Unit,**<br>**Legal Technician** | **(215) 440-2828** |

*(See also the additional information enclosed with this form.)*

NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X]  More than 180 days have passed since the filing of this charge.

[ ]  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X]  The EEOC is terminating its processing of this charge.

[ ]  The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[X]  The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN 90 DAYS</u>** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ]  The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)

**Jamie R. Williamson,**
**District Director**

12/7/2018
*(Date Mailed)*

cc:

Gareth Post
Senior Human Resources Manager
SHAWCOR, LTD. D/B/A/ SHAWCOR INSPECTION SERVICES

Albert Michell
ALBERT J. MICHELL, P.C.